UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES TRUELL,

                Plaintiff,

      -against-

CITY OF NEW YORK; CAPT. BERNARD
MATHIS; JOHN HERNANDEZ, Shield No.
1806; SECURITY CO MARTINEZ; CO
WELLS, Shield No. 13745; CO MASONI,
Shield No. 1134; SECURITY DEPUTY
GALLOWAY; WARDEN SWAREZ,

              Defendants.

20-CV-0992 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently detained in the Manhattan Detention Complex ("MDC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated March 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint: Plaintiff is a pretrial detainee housed in a lock-down unit of MDC pursuant to a judge's order. He alleges that he was receiving

unspecified "social services"[2] until Defendants became aware that he "was using these services to take [care] of his legal matters including civil matters against" the Defendants.[3] (ECF No. 2, at 6.)

Grievance Officer Mrs. Williams, who is not named as a defendant in this action, told Plaintiff that "security dep[uties] and capt[a]ins" told her that Plaintiff must make a request for social services on "a plain white piece of paper and wait for security to come and get it." (*Id.*) Plaintiff alleges that he has needed to speak with a social worker for over two months, but Defendants refuse to pick up his request forms or to make "a safe and confidential form in which the Plaintiff could make any other request." (*Id.* at 6.) He further alleges that facility officials told Mrs. Williams that a social service mailbox would be placed on Plaintiff's unit, but that has not happened.

The complaint also describes an incident in which Defendant Captain Mathis told another detainee, Alexander Williams, that Mathis would allow detainees in Plaintiff's unit to access social services if Williams agreed to drop Mathis as a defendant in a prior action that Williams filed. Williams withdrew his civil complaint against Mathis and informed Plaintiff that the unit should begin receiving social services again "because he lived up to his part of the deal." (*Id.* at 7.)

As a result of Defendants' actions, Plaintiff "has not been able to correspond with the court and other agenc[ies]" and has "not been afforded the minimum standards guaranteed to him" by the City of New York. (*Id.* at 10.) Plaintiff sues the City of New York, Security Captains

---

[2] Plaintiff typed the complaint using all capital letters. When quoting the complaint, the Court uses regular capitalization for readability.

[3] Elsewhere in the complaint, Plaintiff indicates that he was using social services "to send out certified mail, mail to family court, IRS, and [the] court in this case along with other correspondence factors." (ECF No. 2, at 8.)

Bernard Mathis and John Hernandez, Security Deputy Galloway, MDC Warden Swarurez, and Security Officers Wells, Masoni, and Martinez. He seeks $1 million in damages and requests that each defendant "be moved to an[o]ther city jail" to prevent retaliation against him.[4] (*Id.*)

## DISCUSSION

Plaintiff's specific legal claims are unclear. The complaint invokes § 1983 and alleges that Defendants violated Plaintiff's rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. The Court liberally construes the complaint as asserting claims under § 1983 that Defendants violated Plaintiff's alleged right to access social services and his right to access the courts. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.     Access to social services

The crux of Plaintiff's complaint is that Defendants denied him access to social services. But pretrial detainees "do not have a free-standing, affirmative constitutional right to social services." *Brown v. City of New York*, No. 14-CV-0188, 2015 WL 374935, at *4 (S.D.N.Y. Jan. 29, 2015) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)); *see also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that plaintiff's denial-of-social-services claim fails to allege a constitutional violation). Plaintiff alleges that he uses social services to send his legal mail. But he does not otherwise indicate the nature of the social services he was denied. Nor does he plead any facts suggesting that he has a constitutional right to those services.

---

[4] Two other MDC detainees have filed identical complaints. *See Terry v. City of New York,* ECF 1:20-CV-992, 2; *Swinson v. City of New York*, ECF 1:20-CV-994, 2.

Plaintiff appears to suggest that Defendants are failing to follow the New York City Department of Correction's ("DOC") own rules or policies regarding detainee requests for social services. For example, he alleges that Defendants created a policy requiring inmates to use a specific request form but then refused to collect those request forms. And he asserts that Defendants are failing to provide him with services "classed under New York City Jail Minimum Standard [sic] law." (ECF No. 2, at 7.) But allegations that city officials are failing to comply with city law or DOC policies do not give rise to a federal constitutional claim. *See Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. Nov. 6, 2002) ("[T]he law is settled that failure to follow a[n agency] [d]irective or prison regulation does not give rise to a federal constitutional claim."); *see also McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990) (rejecting plaintiff's claim that his right to due process under the federal constitution is violated by a city agency's failure to follow the city's Administrative Code); *Morton v. Cnty. of Erie*, 335 F. Supp. 3d 449, 455 n.2 (W.D.N.Y. Sept. 26, 2018) ("Section 1983 provides a cause of action for deprivation of federal, and not state, rights.") (citing *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 136 (2d Cir. 1999)).

The Court therefore dismisses Plaintiff's claim that Defendants denied him access to social services for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

**B.    Access to the Courts**

To the extent that Plaintiff is asserting that by denying him access to social services, Defendants have effectively denied him access to the courts because he was using social services as a means of sending legal mail, the Court must dismiss that claim.

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Christopher v. Harbury*, 546 U.S. 403, 415 (2002).

 "[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis*, 320 F.3d at 351 (relying on *Heimerle v. Attorney General*, 753 F.2d 10, 12–13 (2d Cir. 1985)). Courts "have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Id.* at 351. To state a claim based on mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Id.* at 351. Thus, in *Davis*, the district court dismissed the plaintiff's allegations of two instances of tampering with his mail on the ground that he had "not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions," and the Second Circuit affirmed the dismissal. *Id.* at 352.

Here, Plaintiff may be suggesting that Defendants have violated his First Amendment right to access the courts "because social services is what the plaintiff uses to send out certified mail, mail to family court, IRS, and court in his case along." (ECF No. 2, at 8.) But Plaintiff fails to allege facts suggesting an ongoing practice of interfering or tampering with his legal mail, and

the complaint does not allege that Plaintiff is unable to send legal mail or communicate with the courts through the regular channels provided to detainees in the facility. Furthermore, Plaintiff fails to allege any facts suggesting that Defendants' actions have in any way prejudiced his legal actions or impaired his legal representation. The Court therefore dismisses any § 1983 claims Plaintiff may be asserting that Defendants violated his right to access the courts. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Municipal Liability

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Because Plaintiff has failed to allege facts suggesting that any of his constitutional rights have been violated, he therefore cannot state a § 1983 claim against the City of New York. In any amended complaint naming the City of New York as a defendant, Plaintiff must allege facts suggesting the existence of a municipal policy, custom, or practice that caused a violation of his constitutional rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff may be able to allege additional facts to state a valid claim that his First Amendment right to access the courts has been denied, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0992 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   March 9, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                              Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                            Plaintiff's Signature

_____
First Name                          Middle Initial          Last Name

_____
Prison Address

_____
County, City                                    State                      Zip Code


Date on which I am delivering this complaint to prison authorities for mailing:  _____